UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

TROY V. GILMORE                                CIVIL ACTION NO. 10-cv-1311

VERSUS                                         JUDGE FOOTE

WARDEN, CLAIBORNE PARISH                       MAGISTRATE JUDGE HORNSBY
DETENTION CENTER

## REPORT AND RECOMMENDATION

**Introduction**

A Claiborne Parish jury convicted Troy Gilmore a/k/a Pee Wee ("Petitioner") of distribution of cocaine. He was adjudicated a third-felony offender based on prior convictions for drug crimes. Petitioner was sentenced to 20 years imprisonment. He challenged his sentence on direct appeal, and it was affirmed. State v. Gilmore, 2009 WL 456410 (La. App. 2d Cir. 2009), writ denied, 23 So.3d 932 (La.). He then filed a post-conviction application in the state court. Petitioner now seeks federal habeas corpus relief. For the reasons that follow, it is recommended that the petition be denied.

**Relevant Facts**

The Claiborne Parish Sheriff's Office developed Petitioner as a suspected drug dealer. A confidential informant ("CI") was asked to arrange a drug purchase from Petitioner. The CI was accompanied by undercover state trooper Kenny Baker, who was wired to allow audio surveillance by several state troopers and deputies. The monitoring officers were near enough to hear most of the audio but they could not see the transaction.

The CI and Baker went to the transaction with $600 in cash, the serial numbers for which had been recorded. They were able to purchase 7.13 grams of crack cocaine, which is enough for approximately thirty-five $20 packages.

Trooper Baker was face to face with Petitioner during parts of the transaction. They had a conversation about Petitioner's suspicion that Baker was law enforcement. They also talked about the weight of the drugs, which Baker commented seemed light. The transaction took place during daylight hours in June 2003, being completed by 7:12 p.m., and Baker said that it was light out.

The officers did not immediately arrest Petitioner and attempt to recover the marked money. Rather, they continued using Baker in the area to investigate other cases and attempt to develop information to find where Petitioner stored his drugs. They were not able to do so. Baker tried to make another purchase from Petitioner, but it was unsuccessful.

An officer put together a six-man photo lineup that included a photo of Petitioner. Baker was shown the lineup on July 15, 2003, just several days after the transaction, and asked if he could identify the man who sold him drugs in Claiborne Parish. Baker, without hesitation, selected Petitioner. His choice was marked on the lineup. That original lineup was temporarily misplaced by a state trooper during hurricane recovery efforts. A copy of the same lineup was shown to Baker again in 2006, and he again selected Petitioner as the seller. Both lineups were presented at trial. Baker and the other officers testified as to these facts, and Baker identified Petitioner in the courtroom as the seller. Petitioner did not testify, and the defense did not offer any other evidence.

**Issues Presented**

Petitioner's original federal filing (Doc. 1) was submitted on what appears to be a form for an application for habeas relief in the state courts. It cites only state law and does not identify any particular federal habeas issues. In the places on the form that ask for relevant facts and relief requested, Petitioner wrote to please see his attached direct appeal brief (which argued only that the sentence was excessive and improperly designated parole eligibility).

The court issued an order (Doc. 2) that Petitioner file his petition on an approved form. He then submitted a petition (Doc. 3) but, in the places where he was asked to designate his habeas issues, wrote only, "please see appeal brief." The court issued another order (Doc. 5) that directed Petitioner to amend his petition because the court still could not determine what grounds Petitioner was raising in support of his petition. Petitioner then filed an amended petition (Doc. 8) in which he listed four assertions of ineffective assistance of counsel. Those are the only claims before this court.

**Exhaustion of State Court Remedies**

An application for a writ of habeas corpus "shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The requirement is satisfied if the federal issue has "once been properly presented to the highest court of the state" either on direct appeal or through a post-conviction application. <u>Sones v. Hargett</u>, 61 F.3d 410, 415 (5th Cir. 1995). The court may raise lack of exhaustion sua sponte unless the State has expressly waived the requirement.

Section 2254(b)(3); <u>Woodfox v. Cain</u>, 609 F.3d 774, 792 (5th Cir. 2010). The State has not expressly waived exhaustion in its answer, and its memorandum challenges at least some of the arguments as not being properly exhausted.

The only time Petitioner presented a claim of ineffective assistance of counsel to the state courts was claim three of his post-conviction application. The application and supporting memorandum contended that counsel was ineffective for not filing pretrial motions (such as for discovery of fingerprint analysis), did not consult with Petitioner to formulate strategy, did not move to suppress the physical evidence, and did not move to recuse the district attorney. Petitioner also faulted counsel for not objecting as a requested, such as to the testimony by Trooper Baker about the transaction.

The claims were assorted in a conclusory and scattered manner, with little in the way of supporting facts. For example, Plaintiff gave no hint of the grounds on which counsel should have requested recusal of the prosecutor. He also did not explain how counsel could have successfully excluded the testimony of the undercover officer or what would have been learned through discovery that might have changed the verdict. The trial court denied the claim for lack of merit. The judge specifically addressed only the claim that counsel should have objected to the undercover officer's testimony; she noted that Petitioner had not shown that such an objection would have merit. The appellate court stated summarily that Petitioner did not meet his burden. The Supreme Court of Louisiana denied writs without comment.[1]

---

[1] Whether a claim is exhausted is determined by looking to the briefs filed by the petitioner, not the state court opinions that may not address every claim presented. <u>Smith v. Digmon</u>, 98 S.Ct. 597 (1978). The State did not include in the record it submitted the

Most, if not all, of the asserted grounds of ineffective assistance raised in the federal petition are beyond the scope of the theories presented to the state court. "The exhaustion requirement is not satisfied if the prisoner presents new legal theories or factual claims in his federal habeas petition." Nobles v. Johnson, 127 F.3d 409, 420 (5th Cir.1997). That includes new grounds for alleged ineffective assistance. Jones v. Jones, 163 F.3d 285, 297 (5th Cir. 1998) (examining each alleged deficiency of counsel as an individual claim for exhaustion purposes); Sam v. Louisiana, 409 F. App'x 758, 764 (5th Cir. 2011) ( ineffective assistance claim not exhausted when it relied on different legal theory and new set of facts not before the state courts). "[E]ach specific allegation of ineffective assistance must first be properly presented to the state courts as an independent claim in order to satisfy the exhaustion requirement." Vallier v. Richland Parish Det. Ctr., 2013 WL 6054480 (W.D. La. 2013) (collecting cases).

It will be noticed, as the federal claims are discussed below, that they differ substantially from those in the post-conviction application. If Petitioner attempted to present the claims to a state court today, they would be untimely, so they are deemed to be technically exhausted and subject to a procedural bar. Jones, 163 F.3rd at 296. Federal habeas relief may be granted on a procedurally defaulted claim only if the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of

---

post-conviction briefs filed by Petitioner in the appellate and supreme courts. It is fairly safe to assume, however, that a claim not included in the trial court application could not have been properly exhausted. The State should ensure in the future that the complete record is filed so such issues can be resolved without doubt. (Petitioner also omitted those briefs from his filing when he was ordered to demonstrate exhaustion.)

federal law or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. Id. An exhaustion defense was raised in the State's response. Petitioner did not reply and attempt to make a showing that would overcome the default. He has not satisfied his burden, so most or all of his claims presented in the federal petition are barred.

**Ground One**

Petitioner's federal petition is not supported by a memorandum. The court will set forth in their entirety each of the grounds asserted in the petition. Listed as Ground One is:

> My attorney did not prepare for trial. He did not vigorously cross-examine witnesses. He failed to contemporaneously object to hearsay and he didn't challenge aggressively my identification. I had an alibi defense with my mother and sister as witnesses who were not subpoenaed and didn't testify. A participant in the alleged crime my cousin was also not subpoenaed.

To prevail on a claim of ineffective assistance of counsel, a petitioner must establish both that his counsel's performance fell below an objective standard of reasonableness and that, had counsel performed reasonably, there is a reasonable probability that the result in his case would have been different. Strickland v. Washington, 104 S.Ct. 2052, 2064 (1984). If a claim was adjudicated and denied on the merits by the state court, the question on habeas review is not whether a federal court believes the state court's determination under the Strickland standard was incorrect but whether the determination was unreasonable, which is a substantially higher threshold. Schriro v. Landrigan, 127 S.Ct. 1933, 1939 ( 2007). Because the Strickland standard is a general one, a state court has even more latitude to

reasonably determine that a defendant has not satisfied that standard. The federal court's review is thus "doubly deferential." Knowles v. Mirzayance,129 S.Ct. 1411, 1420 (2009).

Petitioner's generic assertions of lack of preparation, lack of vigorous cross-examination, lack of objection to (unidentified) hearsay, and lack of challenge to identification are, to the extent they were exhausted in the state courts, wholly inadequate to permit relief from the conviction.  The record shows that attorney Pete King, who is an experienced criminal defense lawyer, did cross-examine the witnesses. The points he made included the lack of video recording, no identification of Petitioner by any other officers, and the absence of physical or scientific evidence to tie Petitioner to the transaction.  He was faced, however, with rather certain testimony from Trooper Baker that Petitioner was the man who sold him the drugs.  Conclusory assertions that counsel should have somehow done better do not meet Petitioner's burden of showing that counsel committed "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 104 S.Ct. at 2064.

Petitioner argues that he had an alibi defense based on testimony from his mother and sister, who were not subpoenaed.  He also complains that his cousin, an alleged participant in the crime, was not subpoenaed.  These claims were not among those raised in state court so they were not properly not exhausted.

The claims also lack merit.  The Fifth Circuit "has repeatedly held that complaints of uncalled witnesses are not favored in federal habeas corpus review because presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness

would have stated are largely speculative. Day v. Quarterman, 566 F.3d 527, 538 (5th Cir. 2009). "Thus, to prevail on an ineffective assistance claim based on counsel's failure to call a witness, the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." Id. See also Evans v. Cockrell, 285 F.3d 370, 377 (5th Cir. 2000) (reversing district court for assuming that witnesses, from whom no affidavits were presented, would have testified favorably for the defense). Petitioner has not submitted affidavits or even alleged particular facts about what these witnesses might have offered that would have helped the defense.

**Ground Two**

Petitioner's submission for Ground Two is:

I was denied effective assistance of counsel in the pre-trial stage. I only had one (1) visit with my attorney at his office. He did not investigate my case, interview witnesses or engage in pre-trial discovery. I was ambushed by the State with the evidence and witnesses I was unable to defend against since I had an alibi defense and was mis-identified.

A habeas petitioner who alleges a failure to investigate on the part of his counsel "must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." Gregory v. Thaler, 601 F.3d 347, 352 (5th Cir. 2010). To the extent Petitioner exhausted these claims, they are purely conclusory. Petitioner does not state what counsel might have learned by more investigation or interview of witnesses that might have changed the outcome of the trial. There is simply no basis for habeas relief based on these conclusory assertions.

**Ground Three**

> Petitioner's submission for Ground Three is:
>
> I was denied effective assistance of counsel when during the course of trial the state elicited testimony and offered evidence which was not disclosed to the defense. My attorney didn't know of the purported evidence and declined to move for a mistrial. There was no visual surveillance and the audio was inaudible. My identify was the crucial issue and there was a guest passenger who did not testify, to corroborate the State's chief witness of who was actually present.

Petitioner does not identify the allegedly non-disclosed evidence to which defense counsel should have responded by moving for a mistrial. There was a fair amount of discussion at the trial (Tr. 265-81) after defense counsel asked Trooper Shirey about reports or notes that he or Trooper Baker had prepared but had not been produced during discovery. The court eventually ruled that, even though there was not a pretrial obligation by the State to produce the documents, he believed they were necessary for defense counsel to be able to fairly interpret the rather poor audio recording of the transaction. Thus, he ordered they be provided to defense counsel and that counsel be allowed time to review the documents before proceeding with the trial.

Petitioner did not present this particular claim in his state court application, so it was not exhausted and is now barred. As for the merits, there is little reason to believe that counsel would have succeeded in obtaining a mistrial had he requested one based on this issue. The trial judge did not find that the prosecutor violated <u>Brady</u> or even the discovery laws. He simply ordered the documents produced for the sake of fairness in interpreting the audio recording. That is not a valid basis to request a mistrial.

Petitioner complains that there was no visual surveillance and that the audio recording was difficult to understand. That is perhaps an attack on the sufficiency of the evidence, but it was not counsel's fault. Petitioner initially listed sufficiency of the evidence as a claim on direct appeal, but he abandoned it by failing to brief the issue. Petitioner mentions that there was a guest passenger who did not testify to corroborate Trooper Baker about Petitioner's identity. That passenger was presumably the CI, who was not identified. There is no reason to believe the outcome would have been different had the CI testified. He is, after all, the person who arranged the transaction with Petitioner after police asked him to set up a buy from Troy Gilmore a/k/a Pee Wee.

**Ground Four**

Petitioner's submission for Ground Four is:

> I was denied a fair trial, due process of law and effective assistance of counsel due to my attorney's failure to give the statutory notice of an alibi defense and subpoena the witnesses who would testify I was not at the crime scene on the date and time in question. Furthermore, I was denied the right to confrontation by the repeated use of hearsay testimony without objection. I presented no case.

Petitioner did not include these arguments in his state post-conviction application, so they were not exhausted and are now barred. As for the merits, it was discussed above that claims of uncalled witnesses must be substantiated on habeas by specific information about the identity of the witness, what the witness would have testified to, and that the witness was willing to testify at trial. None of that information was provided to the state or federal court in connection with this claim. With respect to hearsay, Petitioner does not identify any

particular hearsay to which an objection should have been raised. Counsel cannot be faulted for not making an objection unless it is shown that it would have had merit. Johnson v. Cockrell, 306 F.3d 249, 255 (5th Cir. 2002); Clark v. Collins, 19 F.3d 959, 966 (5th Cir. 1994).

**Conclusion**

Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 104 S.Ct. at 2066. Petitioner has submitted nothing but conclusory assertions that counsel should have objected, called witnesses, or investigated more. His complaints were not properly presented to the state courts, and they are not enough to overcome the strong presumption that counsel performed at a constitutionally permissible level. There is also nothing to suggest that any of the steps Petitioner has suggested might reasonably have cast enough doubt on the Sate's fairly strong case to gain an acquittal. Habeas relief is not available.

Accordingly,

**IT IS RECOMMENDED** that the petition for writ of habeas corpus be denied.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are

directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within fourteen (14) days from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 4th day of August, 2014.

Mark L. Hornsby
U.S. Magistrate Judge